## SHOUN *v.* THE STATE.

### (*Knoxville.*    September Term, 1903.)

1. **CONTINUANCE.** Is within sound discretion of trial judge. General rule reaffirmed.

    It is a well-settled rule of practice that a continuance rests within the sound discretion of the trial judge, and that this court will not overrule that discretion unless it appears that it has been improperly exercised or grossly abused. (*Post, p.* 169.)

    Case cited: State v. Rigsby, 6 Lea, 554.

2. **SAME.** Same rule applies to application at first term.

    And it is now settled that a continuance at the first term is equally within the sound discretion of the trial judge as if the application therefor were made at a subsequent term. (*Post, p.* 170.)

    Case cited and approved: Fox v. State, 111 Tenn., 154.

3. **SAME.** Counter affidavits allowable on hearing of application for.

    On a motion for a continuance it is proper practice, sustained by the great weight of authority, to allow the introduction of counter affidavits within proper limits at the sound discretion of the trial judge; but the affidavits should not be allowed to go to the extent of trying the case on its merits upon the preliminary question of a continuance, but only to satisfy the judge that a continuance is necessary or not in order to reach the merits of the controversy upon the grounds stated in the affidavit for a continuance. (*Post, pp.* 169-172.)

    Case cited and approved: Walt v. Walsh, 10 Heisk., 318.

4. **SAME.** Imperative duty of this court to reverse for abuse of discretion.

Shoun v. State.

When there is an abuse of the sound judicial discretion vested in the trial judge, it is the imperative duty of this court to reverse and correct it. (*Post, p.* 172.)

Case cited: State v. Poe, 8 Lea, 647.

5.  **SUPREME COURT.** Will reduce excessive fine to amount which judge may lawfully impose. Case in judgment.

Plaintiff in error was convicted of unlawfully selling liquors without a license, and his punishment fixed by the court at a fine of one hundred dollars and imprisonment in the county jail for a period of six months. The statute provides that the fine for selling intoxicating liquors without a license shall not be less than fifty dollars nor more than two hundred dollars. The constitution provides that no fine in excess of fifty dollars shall be laid, unless it shall be assessed by a jury.

*Held*:  The fine imposed by the court is valid only to the extent of fifty dollars and is reduced to that amount. (*Post, pp.* 168, 173.)

Statute construed:  Act of 1899, ch. 161.

Constitution construed:  Article 6, section 14.

---

FROM JOHNSON.

---

Appeal in error from the Circuit Court of Johnson County.—C. J. St. John, Judge.

Jenkins, Wilson & Cole and Campbell, Boren & Butler, for Shoun.

Attorney-General Cates, for the State.

MR. JUSTICE WILKES delivered the opinion of the Court.

The defendant is convicted of unlawfully selling liquor without license. He was found guilty by the jury, and his punishment was assessed by the court at a fine of $100, and imprisonment in the county jail for the period of six months.

A sale was made, if at all, by means of what is called a "blind tiger." The facts in regard to the sale are testified to by five persons, and from their evidence it clearly appears that a sale was made, and the jury was fully warranted in believing from the testimony that it was made by the defendant.

He was brought to trial on the same day of his arrest, and moved the court for a continuance of his case until the next term, and supported his motion by an affidavit that he was not guilty; that he had not had time to secure the attendance of his witnesses; that he had caused subpoenas to be issued for them; that these subpoenas were returned executed, except as to Baxter McEwen and A. J. Shoun; that they were material to his defense; that he expected to prove by A. J. Shoun that he was at defendant's place of business on the eighteenth of July, when the illegal sale was alleged to have been made, and that defendant did not sell intoxicating liquors at that time and place; that he knows of no other witnesses by whom he can prove these facts, except by these witnesses, and especially the witness A. J. Shoun; that he had used due diligence to procure the attendance of these wit-

nesses; that they are not absent by his consent or pro-
curement; that he will have them or their testimony at
the next term; that this application was not for delay,
but that justice might be had.    The court permitted
counter-affidavits, and five witnesses, who afterwards.
testified on the trial as to the sale, all made affidavit
that they were at or near the distillery of the defendant.
on the day mentioned, and at the time the sale was made,
and at the time the defendant was arrested, and that
it all took place within a half hour's time.    They swear
that the purchase was made by one of their number; that.
the rest of them were in and around the building when.
and where it was done; and that neither A. J. Shoun
nor Baxter McEwen was present at the time of the al-
leged sale, and at the time of the arrest of defendant;.
the defendant was alone in the building; and one of them
swears that, after he had arrested defendant and started
with him to Mountain City, he saw A. J. Shoun in a field
two miles from the place where the sale and arrest was.
made, and that he and defendant had a conversation.
with him there.

It is said that it was error to refuse the continuance,.
and also to permit the introduction of the counter-affi-
davits.

It has been frequently held that a continuance is a.
matter within the sound discretion of the trial judge,.
and that this court will not. overrule that discretion
unless it appears that it has been improperly exercised
or grossly abused.    *State* v. *Rigsby,* 6 Lea, 554.

And a continuance at the first term is equally within the discretion of the trial judge as if made at a subsequent term. *Fox* v. *State,* 3 Cates, 154, 76 S. W., 815.

This court has never passed directly upon the question of permitting counter affidavits upon a motion to continue. The question was expressly waived in the case of *Walt* v. *Walsh,* 10 Heisk., 318, and we know of no direct adjudication on the question in this State.

In volume 4, Ency. Pl. & Pr., 876, it is said: "In some jurisdictions the use of counter affidavits is wholly condemned" (referring to cases from Indiana, Illinois, Kentucky, and Louisiana).

In the Illinois courts it is held that the reception of the counter affidavit does not constitute reversible error, if it is shown upon the trial to have been harmless; but the great weight of authority is that counter affidavits may be admitted:

To show want of diligence in procuring the testimony of an absent witness.

To show want of good faith in the application.

To show improbability that the proposed testimony can be obtained.

To contradict an averment that a witness or counsel who is absent is sick.

To dispose of the allegations of public excitement and prejudice.

It may also be introduced to prove other facts, in the discretion of the trial judge, which do not go to the case upon its merits.

Under the Georgia Code, which provides that the presiding judge may admit counter affidavits on motion for a continuance, it was held that, while the judge may not try the merits of the case on the issue of continuance, and thus take from the defendant the right of trial by jury, yet he may try all such issues as the question of a subpoena of a witness, the sickness of the witness, his absence from the county, or even what he would swear, if he were present, drawn from what he had sworn on another occasion when the same transaction was in question.

In the case of *Walt* v. *Walsh,* 10 Heisk., 318, before referred to, the court said that it was proper for the court to hear enough of the record and of the nature of the controversy to enable him to see and to determine the importance of the testimony, as well as whether the party had been guilty of negligence in obtaining it.

In that case, the court, looking to other portions of the record and the testimony of other witnesses, said: "In the face of all this, of what possible avail to the defendant/could the testimony of Bonfell have been? It is impossible that his testimony could have overthrown the evidence above set forth."

In the present case, it appears that the testimony of A. J. Shoun, if given as claimed in the affidavit, would be only negative and indefinite in its character, and would be directly contradictory of that of five other witnesses, not impeached, as to the question of a sale, and his presence on the occasion, and would have been di-

rectly in conflict with the testimony of the witness who saw him, immediately after the transaction, at a point two miles distant from where the transaction took place.

We may repeat the language of *Walt* v. *Walsh,* and say: "In the face of all this, of what possible avail to the defendant could the testimony of A. J. Shoun have been?"

We think it is proper practice, within proper limits, to allow the introduction of counter affidavits on the motion for a continuance, at the sound discretion of the trial judge; but the affidavits should not be allowed to go to the extent of trying a case upon its merits upon the preliminary question of a continuance, but only to satisfy the trial judge whether a continuance is necessary or not in order to reach the merits of the controversy upon the grounds stated in the affidavit for a continuance.

If there is an abuse of the discretion of the judge, it is the imperative duty of this court to reverse and correct it. *State* v. *Poe,* 8 Lea, 647.

We are of opinion that there was no error in permitting the counter affidavits upon the motion made in this case, nor in refusing the continuance. We are also of opinion that the trial judge did not unduly hasten the trial of the case, that he did not invade the province of the jury, and that there is no material error in his charge.

Shoun v. State.

The fine of $100 imposed by the court is valid only to the extent of $50, under the provisions of the Act of April 7, 1899, p. 309, c. 161, and under section 14, art. 6, of the constitution, and it is reduced to that amount, and the judgment of the court is in other respects affirmed, with costs.